**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
minute_entries@phillipslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Carla Arias; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **JURY DEMAND** |
| AAA Cab Service, Inc., d/b/a AAA Full Transportation System, d/b/a AAA Cab Service, d/b/a AAA Yellow Cab Transportation, a domestic corporation; | |
| Defendant. | |

Plaintiff Carla Arias brings this action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

## NATURE OF THE CASE

1.    Defendant discriminated against Plaintiff Carla Arias because of her gender and retaliated against Plaintiff by terminating her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 28 U.S.C § 1331 and 42 U.S.C. § 2000e-5.

3.    All conditions precedent to jurisdiction under 42 U.S.C § 2000e-5 have been met. Specifically, Plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and of the ADA. Plaintiff received a notice of right to sue Defendant. She commenced this action within ninety (90) days after receiving the notice of right to sue.

4.    Defendant, by virtue of its own acts and omissions or by virtue of the acts and omissions of one or more of its agents, employees, or representatives, has conducted business or caused events to occur within the District of Arizona, and within Maricopa County, Arizona, giving rise to both subject matter and personal jurisdiction of this Court.

5.    Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

6.    Plaintiff Carla Arias is a resident of Maricopa County, Arizona.

7.    Defendant AAA Cab Service, Inc., is a corporation organized under the laws of the State of Arizona, doing business in Maricopa County, Arizona, as AAA Full Transportation System, as AAA Cab Service, and as AAA Yellow Cab Transportation, and is subject to the jurisdiction of this Court.

8.    Defendant was Plaintiff's "employer" for all purposes including Title VII, within the meaning of 42 U.S.C. § 2000e(b).

**GENERAL FACTUAL ALLEGATIONS**

1
2

9.    Plaintiff began working for Defendant in April 2012 as a Customer Service Representative.

3
4

10.    Her job responsibilities included answering calls for taxi service from potential customers so that cabs could be dispatched to the appropriate locations.

5
6
7
8

11.    Beginning around November 2012, her supervisor began calling her and talking to her on her work extension, making unwanted advances to Plaintiff. Despite her requests that he stop, the supervisor continued to make these calls to Plaintiff for an extended period of time.

9
10
11

12.    In January 2013, when Plaintiff requested assistance from the same supervisor, he responded only that Plaintiff should pose naked in bed with him and with another female employee so that he could take pictures.

12
13

13.    The supervisor repeated this comment at least three times to Plaintiff during the day.

14
15

14.    The supervisor asked Plaintiff if she had romantic interests in another male coworker.

16
17

15.    Plaintiff reported the supervisor's harassment to a second supervisor, but no investigation occurred, and the sexual harassment continued on a daily basis.

18
19
20

16.    Shortly thereafter, other employees began harassing Plaintiff on the basis of her gender, writing their phone numbers on her car window with the intent that she call them for sexual favors.

21
22

17.    A third supervisor also joined in harassing Plaintiff, clapping his hands as she walked and then saying to Plaintiff, "this is how your butt moves."

23
24

18.    The first supervisor ran his finger across Plaintiff's back several times attempting, as the supervisor described it, to "see how horny" she was.

25

1

2

19.   Shortly after she reported the sexual harassment to a supervisor, Defendant

3

changed Plaintiff's work schedule to days during which Plaintiff had previously informed

Defendant that she was not available to work.

4

20.   Even though Plaintiff called Defendant to inform it of her continued

5

unavailability, they terminated her employment, stating that she was a "no call, no show."

6

**COUNT ONE**
**SEX DISCRIMINATION**
**(Violation of Title VII, 42 U.S.C. § 2000e,** *et seq.***)**

7

8

21.   Plaintiff incorporates and adopts paragraphs 1 through 20 above as if fully set

9

forth herein.

10

22.   Defendant discriminated against Plaintiff in the terms and conditions of her

11

employment on the basis of her sex in violation of Title VII as a result of the

12

discriminatory and hostile work environment created by Defendant and its employees.

13

23.   Title VII provides that it is an unlawful employment practice for an

14

employer:

15

> [T]o fail or refuse to hire or to discharge any individual, or
> otherwise discriminate against any individual with respect to
> his compensation, terms, conditions, or privileges of
> employment, because of such individual's race, color,
> religion, sex, or national origin.

16

17

18

42 U.S.C. § 2000e-2(a)(1).

19

24.   Title VII further provides, that it is an unlawful employment practice for an

20

employer:

21

> [T]o limit, segregate or classify his employees or applicants
> for employment in any way which would deprive or tend to
> deprive any individual of employment opportunities or
> otherwise adversely affect his status as an employee, because
> of such individual's race, color, religion, sex, or national
> origin.

22

23

24

25

1   42 U.S.C. § 2000e-2(a)(2).

2       25.   Plaintiff is a female and is a member of a protected class of individuals

3   entitled to the protections of Title VII.

4       26.   Defendant has engaged in unlawful discrimination and unlawful employment

5   practices prohibited by 42 U.S.C. §§ 2000e-2(a)(1), (2) including, but not limited to:

6       a.   Treating Plaintiff less favorably than similarly situated male employees in

7           the terms and conditions of her employment, including, but not limited to,

8           consistent sexual innuendos made solely because of Plaintiff's sex; and

9       b.   Creating a hostile work environment because of Plaintiff's sex, which was

10          severe or pervasive to an extent that it substantially altered the terms and

11          conditions of her employment.

12      27.   Plaintiff's sex was the sole or motivating factor in Defendant's treatment of

13   Plaintiff.

14      28.   Plaintiff was treated less favorably than her male co-workers and was subject

15   to a continuing hostile work environment.

16      29.   As a direct result of the hostile work environment, Plaintiff has suffered

17   mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation,

18   and embarrassment.

19      30.   Plaintiff is entitled to preliminary and permanent equitable and injunctive

20   relief, including, but not limited to, all seniority, benefits, and back pay.

21      31.   Plaintiff has suffered damages and economic harm in the form of, but not

22   limited to, lost wages and benefits, out-of-pocket expenses, and monetary loss, as well as

23   non-economic damages, all of which she is entitled to recover from Defendant plus pre-

judgment interest, attorneys' fees, and costs.

24

25

1

2

32. Defendant engaged in conduct in reckless indifference to Plaintiff's federally protected rights, so Plaintiff is entitled to recover punitive damages.

3

4

5

33. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

6

7

**COUNT TWO**
**RETALIATION**
**(Violation of Title VII, 42 U.S.C. § 2000e-3(a))**

8

9

34. Plaintiff incorporates and adopts paragraphs 1 through 33 above as if fully set forth herein.

10

35. Title VII provides in pertinent part that:

11

12

13

14

> [I]t shall be an unlawful employment practice for an employer
> to discriminate against any of his employees . . . because he
> has opposed any practice made an unlawful employment
> practice by [Title VII] . . . or because he has made a charge,
> testified, assisted, or participated in any manner in an
> investigation, proceeding, or hearing under [Title VII].

42 U.S.C § 2000e-3(a).

15

16

17

18

36. Plaintiff has opposed practices made unlawful by Title VII or has participated in activities protected by Title VII and is entitled to the protection of Title VII for those activities, including, but not limited to, making internal complaints of unlawful discrimination and harassment.

19

20

21

22

37. After Plaintiff engaged in activity prohibited by Title VII, such as making internal complaints, Defendant retaliated against her and engaged in other unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3(a), including, but not limited to, one or more of the following acts or omissions:

23

24

a. Treating Plaintiff less favorably than similarly situated employees of different gender in the terms and conditions of her employment,

25

Complaint and Jury Demand                                                                                          Page 6

including, but not limited to, creating and permitting a severe or pervasive

hostile work environment solely because of Plaintiff's gender; and

     b.  Evaluating Plaintiff using a more rigorous or arbitrary standard.

38.   Defendant retaliated against Plaintiff after she made complaints to her supervisors regarding the hostile work environment.

39.   As a direct result of her complaint of unlawful discrimination, Plaintiff has been subjected to a more rigorous and arbitrary standard of performance evaluation and was terminated.

40.   As a direct result of the retaliatory action by Defendant, Plaintiff has suffered damage to her career, mental and emotional stress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

41.   By virtue of one or all of the foregoing violations of Title VII as alleged above, Plaintiff has suffered damages and economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages, all of which she is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

42.   Defendant engaged in conduct in reckless indifference to Plaintiff's federally protected rights, so Plaintiff is entitled to recover punitive damages.

43.   Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## DAMAGES

44.   As a direct and proximate result of Defendant's breaches of Plaintiff's rights in the above-stated claims for relief, Plaintiff sustained, and continues to sustain,

1   economic and non-economic injuries, including, but not limited to, loss of income, loss of

2   benefits, mental anguish, and emotional distress. Plaintiff is entitled to compensation for

3   the harm and damages resulting from Defendant's unlawful acts.

4         WHEREFORE, Plaintiff respectfully requests that judgment be entered in her

5   favor, and against Defendant, as follows:

6         A. Awarding Plaintiff damages for her back pay, front pay, lost compensation and

7             benefits, and other relief to be determined by the trier of fact;

8         B. Awarding Plaintiff economic and non-economic damages in an amount to be

9             determined by the trier of fact;

10        C. Awarding Plaintiff special, incidental, and consequential damages in an

11            amount to be determined by the trier of fact;

12        D. Awarding Plaintiff punitive and exemplary damages in an amount to be

13            determined by the trier of fact;

14        E. Awarding Plaintiff pre-judgment and post-judgment interest at the highest

15            legal rate;

16        F. Awarding Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-

17            5(k); and

18        G. Awarding Plaintiff such other and further relief as the Court deems just and

19            equitable under the circumstances.

20

21

22

23

24

25

Complaint and Jury Demand                                                          Page 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that, upon the trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated May 13, 2014

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/ John L. Collins
John L. Collins
Arizona Bar No. 030351
Email: johnc@phillipsdayeslaw.com
Attorney for Plaintiff